UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Corning Incorporated, | ) Case No.: 0:20-cv-00700 |
| Plaintiff, | ) (DWF/TNL) |
| v. | ) |
| Wilson Wolf Manufacturing Corporation and John R. Wilson, | ) |
| Defendants. | ) |

**CORNING INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF
<u>DR. MAURY COSMAN'S REPLY EXPERT REPORT</u>**

Defendants' expert Dr. Maury Cosman opines for the first time in his reply expert report that the HYPERStack® vessel is "not compartmentalized by a semi-permeable membrane" because of the vessel's use of manifolds, and thus it infringes U.S. Patent No. 9,441,192 (the "'192 Patent").[1]  This is a new infringement theory.  The deadline for Defendants to disclose their infringement theories was February 1, 2021, and this new theory cannot be raised at this late date.  It was not disclosed in Defendants' infringement

---

[1] Corning filed a motion for summary judgment relating to the '192 Patent infringement claim, which is presently pending.  Dkt. 317, 319.  Wilson agrees the '192 Patent is not infringed based on the Court's claim construction ruling.  Dkt. 334 at 5.  As a result, the parties expect summary judgment to be granted dismissing the infringement claim.  Nonetheless, the issue presented in this motion is still ripe.  Defendants plan to appeal the claim construction ruling relating to the '192 Patent, and if they prevail, the parties could continue to litigate the claim.

contentions that were served on that date more than two years ago, nor was it included in Dr. Cosman's opening expert report.

Defendants claim they previously disclosed that the HYPERStack vessel is not "compartmentalized" in their infringement claim charts and in response to Corning's *invalidity* contentions, but that is simple not so. What the Defendants actually disclosed and contended in February 2021 was that the HYPERStack vessel meets the patent's claim limitation because the HYPERStack vessel supposedly does not have *any* semi-permeable membrane, not because the HYPERStack vessel supposedly uses a manifold. This contention was based on the idea that the HYPERStack vessel's gas-permeable membranes are not "semi-permeable membranes" within the meaning of the '192 Patent. That dispute is what led to the Court needing to construe the term "semi-permeable membrane." Dkt. 184 at 17. But Defendants' theory is no longer viable after the Court's claim construction ruling finding the opposite: the HYPERStack vessel's gas permeable membrane *is* a semi-permeable membrane, because the term includes "membranes that are gas permeable." Dkt. 184 at 17. Defendants' attempt to now switch arguments in the face of the Court's claim construction is not well taken and not permissible. Defendants never moved to amend their infringement contentions, never disclosed their new theory in any other way, and now seek to inject this new theory into their expert's report over two years too late.

For all these reasons, this Court should exclude Dr. Cosman's opinion that the HYPERStack vessel's use of manifolds means that it is not "compartmentalized" and thus meets that limitation of the '192 Patent.

## FACTUAL BACKGROUND

The present litigation centers around Corning's HYPERStack cell-culturing device and whether Corning or its third-party customers infringe Defendants' patents. After Defendants sued customers and end-users of the HYPERStack product for patent infringement, Corning brought this declaratory judgment action to protect its customers and resolve issues common across the customer lawsuits, including whether Corning's HYPERStack product infringes the patents-in-suit, among other issues and claims. This motion concerns Defendants' expert Dr. Cosman's opinion regarding the alleged infringement of the '192 Patent.

Independent claims 1, 8, 18 and 25 of the '192 Patent contain the limitation that a covered device is "not compartmentalized by a semi-permeable membrane." In their infringement claim charts served on February 1, 2021, Defendants asserted that the HYPERStack vessel meets this limitation on the ground that it "does not have a semi-permeable membrane." Ex. 1,[2] Defs.' Infringement Claim Charts, at 3.[3] This infringement theory rested on a proposed construction of "semi-permeable membrane" that the Court ultimately rejected. Under the Court's construction—which construed "semi-permeable" to include "gas-permeable" membranes (Dkt. 184 at 17)—Defendants cannot establish that

---

[2] All references to Exhibits ("Ex.__") are to the exhibits attached to the Declaration of Ivan Poullaos submitted herewith.

[3] Defendants included the same position in their response to Corning's invalidity contentions. Ex. 2, Mar. 15, 2021 Defs.' Resp. Prior Art Statement, at 15 (the HYPERStack product "is an example of . . . a device [that] does not have a semi-permeable membrane at all"; "if a device does not have a semi-permeable membrane at all, the device cannot be compartmentalized by it.").

3

the HYPERStack device infringes the '192 Patent. The Court also construed other terms in the '192 Patent, including the "media height" terms. Defendants conceded they would not "go forward" on the '192 Patent given the Court's claim constructions. Dkt. 320-1 at 1, 4.

Based on Defendants' concession, Corning sought a stipulated judgment of non-infringement of the '192 Patent from Defendants over the course of more than eight months. But Defendants refused to stipulate to non-infringement, forcing Corning to file a motion for partial summary judgment of non-infringement. Dkt. 317, 319. Only in response to that motion and at the hearing on Corning's motion did Defendants finally admit that summary judgment of non-infringement was proper because the claim limitations related to "media height" were not met. Dkt. 334 at 5. Prior to Corning's motion, Defendants did, however, stipulate that they would not submit expert reports opining as to the infringement of the '192 Patent. *See* Dkt. 284 (the "Stipulation"). Consistent with the Stipulation, Dr. Cosman's opening expert report (served on January 30, 2023) did not contain opinions regarding the alleged infringement of the '192 Patent. Nor did his rebuttal expert report, served on March 20, 2023.

In his reply report served on April 24, 2023 (the "Cosman Reply"), however, Dr. Cosman opined for the first time that the HYPERStack device infringes the '192 Patent because it is "not compartmentalized by a semi-permeable membrane." Specifically, Section IX.F of the Cosman Reply opines that "the HYPERStack is not 'compartmentalized by' the gas permeable shelves" because "all of the stackettes are

4

connected to one another at all times via the manifolds." Ex. 3, Cosman Reply, at ¶¶ 78–80.

Corning requested that Defendants withdraw this newly disclosed infringement opinion on the grounds that it violated both the Scheduling Order and the parties' Stipulation. Ex. 4, May 19, 2023 Poullaos Ltr., at 1–2. In response, Defendants claim they previously informed Corning of their position that the HYPERStack vessel is "not compartmentalized." Ex. 5, June 26, 2023 Robbennolt Email (referencing Ex. 6, Dec. 30, 2022 Padmanabhan Ltr., at 2–3). Defendants point to their infringement claim charts and to their response to Corning's *invalidity* contentions. See Ex. 6, Dec. 30, 2022 Padmanabhan Ltr., at 2. Both of those disclosures make clear that Defendants' position was that the HYPERStack vessel has *no* semi-permeable membrane (Ex. 1, Defs.' Infringement Claim Charts, at 3; Ex. 2, Mar. 15, 2021 Defs.' Resp. Prior Art Statement, at 15)—a position the Court rejected in its claim construction ruling. Nothing Defendants point to discloses any contention that the HYPERStack vessel is "not compartmentalized by a semi-permeable membrane" because its "stackettes" are connected via manifolds.

## ARGUMENT

### I.   Section IX.F of the Cosman Reply is untimely and should be excluded.

The opinion in Section IX.F of the Cosman Reply is untimely for two reasons: (1) it reflects a new infringement theory beyond the scope of Defendants' infringement claim chart and after the date for such disclosures in the Scheduling Order; and (2) it is an opinion on a matter on which Defendants bear the burden of proof, and yet it was disclosed well after the date for such disclosures in the Scheduling Order.

***First***, this new infringement opinion goes beyond Defendants' infringement claim chart, and thus its disclosure violates the Scheduling Order. In their claim charts, Defendants offered only one basis for the claim that the HYPERStack vessel is "not compartmentalized by a semi-permeable membrane": they contended that the gas-permeable membranes in the HYPERStack vessel are not "semi-permeable." *See* Ex. 1, Defs.' Infringement Claim Charts, at 3. Having lost that issue at the claim construction phase, Defendants have now changed their tune. Through Dr. Cosman's Reply, Defendants now contend that that the gas-permeable membranes—which Dr. Cosman agrees are "semi-permeable" and form "the bottom of each [HYPERStack] stackette" (Ex. 3, Cosman Reply ¶¶ 64, 79)—do not "compartmentalize" the HYPERStack device because the stackettes are "connected to one another at all times via the manifolds" (*id.* ¶ 78). This is an entirely new theory of infringement that is distinct from and indeed rejects the theory advanced in Defendants' claim charts.

Defendants cannot avoid this problem by pointing to their March 15, 2021 response to Corning's invalidity contentions. Such disclosure does not meet the requirements for disclosing infringement theories. Under the Scheduling Order, Defendants were required to disclose "each contention that the element[s of the asserted claims are] present" in the HYPERStack device on February 1, 2021. Dkt. 356 at ¶ 5(a)(i). And in any event, Defendants' invalidity response contains the same theory as their infringement claim charts—that the HYPERStack vessel is "not compartmentalized by a semi-permeable membrane" because it does not contain a semi-permeable membrane at all. *See* Ex. 2, Mar. 15, 2021 Defs.' Resp. Prior Art Statement, at 15.

6

Not until the Cosman Reply on April 24, 2023, did Defendants disclose the theory that the HYPERStack vessel's use of manifolds makes it "not compartmentalized." This new infringement contention is over two years late. While the Scheduling Order provides that "[a] party may amend its Claim Chart or Responsive Claim Chart only by leave of the Court for good cause shown" (Dkt. 356, at ¶ 5(c)), Defendants have not sought leave to amend their claim charts to add this theory. And Defendants cannot show good cause to do so now. Indeed, they already moved to amend their claim charts on other grounds after the Court's claim construction ruling, and failed to include this new infringement theory based on the Court's ruling. Dkt. 208. Even then, the Court denied Defendants' request. Dkt. 261.

"A court may preclude a patentee from relying on an infringement theory that was not disclosed in its infringement contentions as required by a scheduling order." *Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, No. 15-CV-3443 (WMW/DTS), 2023 WL 112733, at *15 (D. Minn. Jan. 5, 2023) (collecting cases). Federal Rule of Civil Procedure 16 provides that a court has discretion to sanction a party that "fails to obey a scheduling or other pretrial order," including the sanctions "authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1)(C). One of these enumerated sanctions is to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Court should not permit Defendants to amend their infringement theories belatedly through Dr. Cosman's reply opinion that the HYPERStack vessel's use of manifolds makes it "not compartmentalized."

*Second,* the new infringement opinion is untimely because Defendants were ordered to disclose the expert opinions relating to the issues on which they bear the burden of persuasion by January 30, 2023. Dkt 356. As the patentees, Defendants bear the burden of persuasion as to the alleged infringement. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198–99 (2014). Therefore, Defendants were required to disclose all infringement-related expert opinions by January 30, 2023. Rule 26(a)(2)(D) provides that "a party must make [expert] disclosures at the times and in the sequence that the court orders."

Under Federal Rule 37(c)(1), a court has wide discretion to exclude expert testimony as a self-executing sanction for noncompliance with Rule 26(a), unless the failure to comply is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (in determining if a failure to comply is justified or harmless, courts consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony.").

It is prejudicial for Defendants to introduce a new infringement theory this late in discovery, and in a reply opinion no less. Dr. Cosman did not offer an infringement opinion that the HYPERStack is "not compartmentalized" in his opening report, and he cannot do so on reply. *O'Reilly Automotive Stores, Inc. v. Bearing Techs., Ltd.*, 2018 WL 11424056 (W.D. Miss. Sept. 11, 2018) ("[The expert] did not offer her opinion on the matter by the deadline for providing expert opinions on issues on which the party bears the burden of proof. . . . Defendant cannot utilize a rebuttal report to circumvent the deadline.").

8

Defendants' failure to comply with the Rule 26(a) and the Court's Scheduling Order is neither justified nor harmless.

Defendants have also argued to Corning that Dr. Cosman's opinion is being offered in response to Corning's claim of tortious interference, and not in an attempt to show infringement of the '192 Patent. But that argument is circular. Corning's claim for tortious interference includes the allegation that Defendants did not have a good faith basis to allege *infringement* of the '192 Patent. Defendants cannot now answer that allegation by asserting brand new theories of infringement that they had never before asserted.

Their burden was to present all of their infringement theories in their contentions in February 2021 and in their opening expert reports. Presenting this new theory in the guise of responding to a tortious interference claim (which itself is wrapped up in Defendants' infringement assertions) simply seeks a back door through which Defendants are attempting to violate the Court's Scheduling Order. That should not be permitted.

## II.     Section IX.F of the Cosman Reply violates the parties' Stipulation.[4]

The new infringement theory in the Cosman Reply should also be excluded for another, independent reason: it violates the parties' Stipulation. The parties agreed, and the Court ordered, that Defendants would not "tender expert reports opposing Corning's claims for declaratory judgment of noninfringement for" the '192 and '443 Patents. Dkt. 284. Section IX.F in the Cosman Reply contains an expert opinion regarding infringement of the '192 Patent. Defendants have again argued that this opinion goes to the tortious

---

[4] Corning reserves the right to raise the arguments set forth in this motion should the Court deny it as moot based on the existing Stipulation.

9

interference claim, but as noted above, that argument merely seeks to allow an infringement opinion in disguise. Defendants' expert report violates the Stipulation, and it should be excluded for that reason as well.

## CONCLUSION

For all the reasons given above, Corning respectfully requests that Dr. Cosman be precluded from giving the opinion described in Section IX.F of his Reply—that is, his opinion that the HYPERStack device's use of manifolds makes it "not compartmentalized."

Dated: June 30, 2023                    Respectfully,

 /s/ Ivan Poullaos
Ivan Poullaos (*pro hac vice*)
George Lombardi (*pro hac vice*)
Linda Coberly (*pro hac vice*)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
ipoullaos@winston.com
glombardi@winston.com
lcoberly@winston.com

Sandra Edwards (*pro hac vice*)
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel.:  415-591-1412
Facsimile:  415-591-1400
sedwards@winston.com

Paula W. Hinton (*pro hac vice*)
Winston & Strawn LLP
800 Capitol Street, Suite 2400

Houston, TX 77002
Tel.:  713-651-2663
Facsimile:  713-651-2700
phinton@winston.com

Jeff M. Barron
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: 317-231-1313
jeff.barron@btlaw.com

Grant D. Fairbairn (MN 0327785)
Kelsey J. McElveen (MN 0396744)
Fredrikson and Byron, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-7000
gfairbairn@fredlaw.com
kjmcelveen@fredlaw.com

*Attorneys for Plaintiff Corning Incorporated*