UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Corning, Inc.,                                                           Civil No. 20-700 (DWF/TNL)

                Plaintiff,

v.                                                      **ORDER GRANTING PARTIAL**
                                                             **SUMMARY JUDGMENT**

Wilson Wolf Manufacturing Corporation
and John R. Wilson,

                Defendants.

This matter is before the Court on a Motion for Partial Summary Judgment of Noninfringement of U.S. Patent No. 9,441,192 (the "'192 Patent") and U.S. Patent 8,697,443 (the "'443 Patent") brought by Plaintiff Corning, Inc. ("Corning") (Doc. No. 317). Corning argues that the Court's claim construction (Doc. No. 184 (the "Markman Order")) forecloses any argument that the use of the HYPERStack product by Corning's customers infringes either the '192 Patent or the '443 Patent. Wilson Wolf Manufacturing Corporation and John R. Wilson (together "Wilson Wolf") initially argued that Corning's motion was premature. Wilson Wolf, however, acknowledges that, under the Court's claim construction of the two terms below, it cannot prove infringement by Corning's customers of the '192 and '443 Patents. (Doc. No. 405 at 6-7.)

This case is related to *John Wilson et. al. v. Corning, Inc.*, Civ. No. 13-210 (D. Minn.) (the "'2013 Lawsuit"). The facts of this case have been extensively set forth in this case and in the 2013 Lawsuit. Both suits involve technologies for cell culture,

over which the parties have been litigating for years. Relevant to this case, in or around December 2019 and early 2020, Wilson Wolf filed several federal patent infringement actions against customers and end-users of Corning's HYPERStack product. In each of these cases, Wilson Wolf alleges that the use of Corning's HYPERStack product (or the use of cells manufactured using the HYPERStack product) directly infringes the claims of the one or all of the patents-in-suit—the '192 Patent, the '443 Patent, and U.S. Patent No. 9,732,317 (the "'317 Patent").

In this case, Corning seeks a declaration resolving questions of patent infringement and validity with respect to the patents-in-suit. In short, Corning seeks a declaration that the use of Corning's HYPERStack cell-culture device by its customers does not infringe the patents-in-suit, that the patents-in-suit are invalid, and that Wilson Wolf tortiously interfered with Corning's existing and prospective customers.[1]

The Court issued a Markman order in this case, construing the contested claim terms. (Markman Order.) Relevant to this motion is the Court's construction of the following terms: (1) ***media height:*** ('192 Patent) the continuous height of medium residing above the surface where the cells reside for culturing[2] (*id*. at 13); and

---

[1] The Court dismissed Corning's inequitable conduct claim as to the '317 Patent (Count Eight) and inequitable conduct claims in Counts Two and Five, insofar as they are based on allegations that Wilson Wolf withheld adverse data from the USPTO during prosecution of the '192 and '443 Patents. (Doc. No. 140.)

[2] The Court further found that it did "not find support for using the manifold as a reference to measure the media height. Instead, a manifold that is used to fill a culture chamber appears to be irrelevant to measuring media height in the cell culture chamber." (Markman Order at 13 n.7.)

(2) *scaffolds:* ('443 Patent) a platform for cells to reside upon that is separate from the gas-permeable material (*id.* at 24).

After the Markman Order, Wilson Wolf filed three letters requesting permission to file a motion to reconsider certain of the Court's claim construction rulings (Doc. Nos. 293, 306, 307) and a motion for certification under 28 U.S.C. § 1929(b) (Doc. No. 294).  Wilson Wolf urged Corning to refrain from filing the present motion to allow the Court to address Wilson Wolf's motion for certification and requests for leave to file motions for reconsideration of the claim construction rulings.  As such, Wilson Wolf argued that the present motion was premature.  However, the Court has since denied those motions (Doc. No. 347) and Wilson Wolf's argument that the present motion is premature, therefore, fails.

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009); *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  As the

3

United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

Corning submits that under the Court's claim constructions, Wilson Wolf cannot provide (and has not provided) evidence to establish that the use of the HYPERStack device by Corning's customers infringes either the '192 or that '443 Patents. Specifically, Corning argues that the Court's constructions of the "media height" and "scaffolds" limitations foreclose the only infringement theories that Wilson Wolf advanced. Corning details how the undisputed facts about the structure of the HYPERStack device precludes a finding that any use of the device infringes the '192 or '443 Patents. Specifically, Corning points to evidence that the "media height" limitations of the '192 Patent are not met by the use of the HYPERStack device. The HYPERStack device does not contain media elevated more than 2.0 cm as measured from the surface for where cells reside for culturing. Each claim of the '192 Patent, however, requires the use of a device in which the uppermost location of medium is elevated at least 2.0 cm from the lowermost location of said medium. Corning also argues that the undisputed evidence shows that the '443 Patent is not infringed because each claim requires the use of a device with "at least two scaffolds." The Court construed a scaffold as "a platform for cells to reside upon that is separate from the gas-permeable material." The scaffolds

in the HYPERStack device, however, are made of gas-permeable material. Thus, the platform for the cells to reside upon is not separate from the gas-permeable material.

Wilson Wolf concedes that it cannot establish infringement under the current constructions. (*See* Doc. No. 320 ¶ 3, Ex. 1 at 5 ("As I indicated on our call on August 19, in view of the Court's rulings, we don't intend to go forward on the '192 and '443 patents."). In short, the parties agree that "entry of partial summary judgment of noninfringement of [the' 192 and the '443 Patents] is appropriate given the Court's construction of the 'more than 2.0 cm' limitations . . . of the '192 Patent, and the Court's construction of the 'scaffolds' limitations in the '443 Patent." (Doc. No. 419 at 1.)

The Court concludes that there is no genuine issue of material fact that Corning's HYPERStack device does not infringe the '192 and '443 Patents. Therefore, Corning is entitled to partial summary judgment of noninfringement of these patents.

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Corning's Motion for Partial Summary Judgment of Noninfringement of U.S. Patent Not. 9,441,192 and U.S. Patent 8,697,443 (Doc. No. [317]) is **GRANTED**.

Dated: October 23, 2023                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge

5